PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE ___NORTHERN___ DISTRICT OF TEXAS

___FORT WORTH, TEXAS___ DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 1 4 2021
CLERK, U.S. DISTRICT COURT
By 1:40 pm OA
Deputy

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| OLIVER JAMES SPARKS | JOHN M. WYNNE/T.D.C.J. |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | 02106068 |
| vs. | PRISONER ID NUMBER |
| | **4-21CV-853-0** |
| BRIAN LUFKIN | CASE NUMBER |
| RESPONDENT | (Supplied by the District Court Clerk) |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

| | | |
|---|---|---|
| ☒ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

Tarrant County 372nd District Court/Fort Worth,Texas

2.    Date of judgment of conviction: December 08, 2016

3.    Length of sentence: Fifty year sentence (50)

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Cause no.# 1446099D

Aggravated Robbery Texas Penal Code §29.03

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☒ Not Guilty      ☐ Guilty      ☐ Nolo Contendere

6.  Kind of trial: (Check one)      ☒ Jury            ☐ Judge Only

7.  Did you testify at trial?    ☐ Yes  ☒ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? Eighth Court of

    Appeals/El Paso,Texas          Cause Number (if known): 08-17-000025-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

    What was the date of that decision? March 28, 2018

    If you filed a petition for discretionary review after the decision of the court of appeals, answer
    the following:

    Grounds raised: _____ No _____

    _____

    Result: _____ N/A _____

    Date of result: _____ N/A _____ Cause Number (if known): ____ N/A _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the
    following:

    Result: _____ N/A _____

    Date of result: _____ N/A _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this
    judgment in any court, state or federal?  This includes any state applications for a writ of habeas
    corpus that you may have filed.        ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court:  Texas Court of Criminal Appeals

    Nature of proceeding:  Habeas Proceeding

    Cause number (if known):  WR-90,487-03

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:   April 18, 2019

Grounds raised:  Ineffective Assistance of Counsel.

Date of final decision:  Writ amended on September 25, 2019

What was the decision?  Dismissed non-compliance November of 2019

Name of court that issued the final decision:  Texas Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court:  Texas Court of Criminal Appeals

Nature of proceeding:  Habeas Proceeding

Cause number (if known):  WR-90,487-03

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
September 25, 2019/Amended writ this was actual second writ.

Grounds raised:  Ineffective Assistance of Counsel/Due Process

Violation.

Date of final decision:  Dismissed non-compliance November of 2019.

What was the decision?  Dismissed non-compliance

Name of court that issued the final decision:  Texas Criminal Court of Appeals

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?          ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future:          N/A

(b)    Give the date and length of the sentence to be served in the future:          N/A

Continued from page 04 question 11.

Third writ application filed in September of 2020 (date uncertain)
Ground raised: Ineffective Assistance of counsel/Due Process Violation
Date of final Decision: June 02, 2021.
Name of court final decision: Texas Court of Criminal Appeals.
Nature of Proceeding: habeas Proceeding.
Cause number: WR-90,487-03
District Clerk of Tarrant County never informed of actual date filed.

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☒ No

## Parole Revocation:

13.   Date and location of your parole revocation: _____ N/A _____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☒ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☒ Yes   ☐ No

16.   Are you eligible for release on mandatory supervision?   ☐ Yes   ☒ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____ N/A _____

Disciplinary case number: _____ N/A _____

What was the nature of the disciplinary charge against you? _____ N/A _____

18.   Date you were found guilty of the disciplinary violation: _____ N/A _____

Did you lose previously earned good-time days?   ☐ Yes   ☒ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____ N/A _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____ N/A _____
_____
_____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes   ☐ No   N/A

If your answer to Question 19 is "Yes," answer the following:

<u>Step 1</u> Result: _____ N/A _____

Date of Result: _____

Step 2  Result: _____        N/A

       Date of Result: _____        N/A

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the
       Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each
       ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

       <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-
       court remedies on each ground on which you request action by the federal court.  Also, if you fail
       to set forth all the grounds in this petition, you may be barred from presenting additional grounds
       at a later date.</u>

A.     **GROUND ONE:** Petitioner Was Denied of His Sixth Amendment U.S. Constitutional

       Right To Effective Assistance of Counsel Due To An Actual Conflict of Interest.

       Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

       The State presented a "baseless" motion before the court seeking to order
       petitioner to display his apparent body tattoos for photographing by an agent
       of the state. The motion published that such a procedure to photograph was
       'relevant' to the 'testimony' and 'issues' before the court. The State as well
       as counsel were aware pretrial that no state witness would provide any pretrial
       evidence of applicant's apparent body tattoos at trial and that counsel conjoined
       in on the baseless motion to induce a guilty plea upon petitioner.

B.     **GROUND TWO:**    An Actual Conflict of Interest Denied Applicant of

       Effective Assistance of Counsel.

       Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

       Counsel possessed pretrial facts that would warrant the suppression of the
       of the State's identifiaction evidence made by the victim.
       The victim of the robbery offense knew the suspect for months as a regular
       customer at the robbed establishment. All that was needed was a legal name to
       generate a photo array to provide to the victim to make a positive identification.
       The robbery occurred on September 12, 2015, four months later the victim claimed
       to have learned the suspects name (petitioner) and gave the name to police
       on January 28, 2016. However, counsel's sworn affidavit published thhat applicant's
       legal name was provided to police on October 06, 2015 by an alleged accomplice
       and no positive identification was made of petitioner during the months of
       October 06, 2015 through January 27, 2015.

C.    **GROUND THREE:** Prosecutorial Misconduct and Ineffective of Counsel
Deprived Petitioner of A Fair Trial And Due Process When Perjured Testimony
Went Uncorrected.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel's affidavit swore that police had petitioner's legal name months
before police claimed they'd received it. With petitioner's name in police
possession three weeks after the robbery police had identifying information
to generate a photo array of petitioner for the victim to make a positive
identification. However, no identification was made after receiving petitioner's
legal name. All testimony from the state's witnesses (victim) and (detective)
were perjurios concerning the time, place, month, and circumstances of learning
petitioner's legal name. This included learning petitioner's name four months
later after an ex-girlfriend of petitioner provided it to the victim via cell phone.

D.    **GROUND FOUR:** An Actual Conflict of Interest Denied Petitioner of Effective
Assistance of Counsel.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to permit petitioner to view the victim's out of court statement's
when state kaw mandated that cousel permit such an examination of the statements
by petitioner. The showing to petitioner of the victim's statements would have
provided information to petitioner that when counsel and the state attempted
to induce a guilty plea by submitting a "baseless" motion before the court,
petitioner would have had evidence that would have warranted substitute of
counsel when counsel's objectives were in conflict with petitioner's own.

21.    Relief sought in this petition: Petitioner seeks that the Federal District Court
examine his state records and make a favorable finding in petitioner's favor
that supports his evidence that petitioner's counsel during his representation
of petitioner's cause was deficient and prejudicial. And that the state Court's
application of well established law in determining counsel's conduct as not
deficient and prejudicial, was an unreasonable application of well established
law. Provide petitioner with an evidentiary hearing to gather facts not sought
in state court and provide petitioner relief by setting aside the state
conviction and remand for a new trial.

GROUND FIVE:  An Actual Conflict of Interest Denied Petitioner of Effective
Assistane of Counsel.

Counsel permitted a 'multitude' of 'rebuttable' and 'objectionable' evidentiary
instances to prepoderate into overwhelming guilt without raising issues and
putting on evidence.
1. Counsel failed to suppress the victim's out of court identification.
2. Counsel failed to object to the victim's in court identification.
3. Counsel failed to object to the victim's identification of petitioner in the
   State's robbery video when even law enforcement could not identify the suspect
   (victim referred to suspect in video as petitioner over **eight times**)
4. Counsel failed to raise a fact issue that the robbery video 'omitted' the clear
   image resolution of the robbery suspect entering the established which the specific
   camera provided a clear image of the alleged accomplice to make an arrest.
5. Counsel failed to object to hearsay testimony from the victim that another
   witness whom worked at the robbed establishment whom was present at trial, knew
   petitioner was a regular at the robbed establishment.


GROUND SIX: Petitioner Was Denied of His Fourteenth Amendment Right To
            Confrontation.

Petitioner was not permitted to confront the victim concerning the victim's testimony
of receiving petitioner's name from an alleged ex-girlfriend.


GROUND SEVEM: The State's Investigative Procedure Violated Petitioner's Right
              To Due Process.

Detective Salano of the Fort Worth Police Department permitted the state's robbery
video to be deleted of crucial portions of evidence depicting the actual robbery
suspect **entering** the robbed establishment. The Detective **did not** take DNA or
fingerprints because he never went to the crime scene to gather any evidence.

7.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No

If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

<u>N/A</u>

___

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

<u>N/A</u>

___

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. <u>N/A</u>

___

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: <u>Keith Mckay/6205 Airport Frwy Forrt Worth, Texas 76117</u>

(b) At arraignment and plea: <u>Keith Mckay</u>

(c) At trial: <u>Keith Mckay</u>

(d) At sentencing: <u>Keith Mckay</u>

(e) On appeal: <u>Timothy Robinson/Grapevine, Texas 76051</u>

(f) In any post-conviction proceeding: <u>Pro se</u>

–8–

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

Petitioner was convicted on Deceber 08, 2016.

Petitioner direct appeal was affirmed on March 28, 2018.
No Post Discretionary Review filed.

Writ application for habeas corpus filed on April 18, 2019
Amended writ application filed on September 25, 2019

Amended writ dismissed in december of 2019.
Final writ application filed in Septeber of 2020.

Final writ application Denied Without Written Order on June 02, 2021.

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

$$\underline{\hspace{4cm} N/A \hspace{4cm}}$$
Signature of Attorney (if any)

$$\underline{\hspace{4cm} N/A \hspace{4cm}}$$

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

July 09, 2021 _____ (month, day, year).

Executed (signed) on  July 09, 2021 _____ (date).

$$\underline{\hspace{2cm} \textit{Oliver J. Sparks} \hspace{2cm}}$$
Signature of Petitioner (required)

Petitioner's current address:  John M.Wynne Prisom Facility 810 F.M. 2821 Hwy

Huntsville,Texas 77349

Oliver James Sparks
810 F.M. 2821 Hwy
Huntsville,Texas 77349

Clerk for the
U.S. District Court of
The Northern District
501 West 10th Street #310
Fort Worth,Texas 76102-3673

July 09, 2021

<u>Certified Mail No.#</u>

7015 0640 00002 1060 4190

RE: The Filing of Federal Petition For Writ of Habeas Corpus Pursuant To 28 U.S.C.
§ 2254.

RECEIVED

JUL 14 2021
1:40pm OS
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

4-21CV-853-0

Dear Clerk;

Please find enclosed for the filing:

1. A Federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254

Please be advised that within <u>15 days</u> after your receipt of the petition, a five
dollar ($5.00) money order will be mailed to your office to pay for the **'required'**
filing fee.

If you have any questions or statements to this instant enclosed pleading or filing
fee arrangement, please contact me at the above address.
Thank you for your time, patience, and professionalism concerning this matter.

Oliver J. Sparks





CERTIFIED MAIL

7015 0640 0002 1060 4390

Clerk For The
U.S. District Court OF
The Northern District
501 West 10th Street # 310
Fort Worth, Texas 76102-3673

Oliver J. Sparks
TDCJ No.# 2106068
810 F.M. 2821 HWY
Huntsville, Texas 77349